United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00215 |
| | § | |
| SHERIFF JIM WELLS CO. | § | |
| Lt. RICHARD L. MILLER, | § | |
| | § | |
| Defendants. | | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff David Ramirez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For the reasons stated below for purposes of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that:

- Plaintiff's Fourteenth Amendment due process claims against Defendant be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief as they are barred by the running of the applicable statute of limitations; and

- the dismissal of this case **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. See 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Colorado Department of Corrections and is currently housed at the Limon Correction Facility in Limon, Colorado. Plaintiff's allegations in this case arise in connection with his arrest in July 1998 in Jim Wells County, Texas.

Plaintiff sues Jim Wells County Sheriff Department Lt. Richard L Miller in this action. (D.E. 1, p. 2). Plaintiff alleges he was stopped and arrested by Lt. Richard L. Miller on July 28, 1998. (D.E., p. 3). Lt. Miller conducted a search of Plaintiff's vehicle and seized $9,872.00 in cash belonging to Plaintiff. Plaintiff was extradited to Colorado, pled guilty to two counts of second-degree murder, and was sentenced to serve seventy (70) years in prison. *Id*. Plaintiff states that the seized money was not used as evidence in his criminal case and not shown to be subject to forfeiture. *Id*.

Plaintiff claims that Defendant violated his Fourteenth Amendment rights by failing to seize and forfeit the currency through a proper forfeiture procedure pursuant to Texas Rule of Criminal Procedure 59. (D.E. 1, pp. 3-4). Plaintiff seeks injunctive relief in the form of this Court ordering Defendant to return the $9,872.00 in currency to Plaintiff and punitive damages to be assessed by a jury. (D.E. 1, p. 6).

## III. GOVERNING LAW

### A. Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

**B. Relevant law regarding 42 U.S.C. § 1983**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

In determining whether to retain or dismiss Plaintiff's Fourteenth Amendment due process claims, it is necessary to consider whether they are barred by the running of the applicable statute of limitations. A district court shall dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that a *pro se* plaintiff's claims are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Davis v. Young*, 624 F. App'x 203, 207 (5th Cir. 2015) ("A district court may raise the defense of limitations *sua sponte* in an action under § 1915[.]").

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Russell v. Bd. of Trustees.*, 968 F.2d 489, 493 (5th Cir. 1992) (internal quotations and citation omitted). "The plaintiff does not need to know that he has a legal cause of action, he only needs to know the facts that would support a legal claim." *Cathey v. Davis*, No. 9:20cv141, 2020 WL 13724457, at *2 (E.D. Tex. Jul. 7, 2020) (citing *Piotrowski*, 237 F.3d at 576).

Under federal law, a claim accrues when the plaintiff knows that he or she has been

hurt and knows who has inflicted the injury. See *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007). Thus, a plaintiff's due process claim regarding forfeiture accrues when he or she discovers or has reason to discover that the property has been forfeited without sufficient notice. See *Polanco v. U.S. Drug Enforcement Admin*., 158 F.3d 647, 654 (2d Cir. 1998); see also *Kripp v. Luton*, 466 F.3d 1171, 1176–77 (10th Cir. 2006); *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (per curiam). The date of accrual is "the point at which the government's retention of the property can no longer be justified." *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *Catt v. DeLozier*, No. 14-16-00524-CV, 2017 WL 2384636, at *5 (Tex. App. June 1, 2017).

The Seventh Circuit has held that the limitations period for the return of seized property runs "from the conclusion of the criminal proceedings or civil forfeiture proceedings, or, if no such proceedings are instituted, from the expiration of the statute of limitations for filing the criminal or civil forfeiture case." *Id*. at 709; see also *Bailey*, 508 F.3d at 740 (holding that if no forfeiture proceedings are conducted, the action accrues at the end of the limitations period during which the government is permitted to bring a forfeiture action, at which time the claimant had reason to know that the property was being held without due process).

The Texas civil forfeiture statute provides that if a peace officer seizes property under Chapter 59 of the Code of Criminal Procedure, "the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the

seizure." Tex. Code Crim. Proc. art. 59.04(a). Several courts of appeals have referred to this period as the statute of limitations for commencing a Chapter 59 forfeiture proceeding. See *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 746 (Tex. App.–Texarkana 2008, no pet.); *Three Thousand Six Hundred Thirty Nine, Dollars ($3,639.00) in U.S. Currency v. State*, 133 S.W.3d 698, 701 (Tex. App.–Corpus Christi 2003, no pet.); $6453.00 v. State, 63 S.W.3d 533, 536 (Tex. App.–Waco 2001, no pet.).

Here, all of the events described by Plaintiff occurred in 1998. A review of Plaintiff's Complaint reflects that on July 28, 1998, his currency was seized by law enforcement after his arrest. The state would have thirty days to file a forfeiture proceeding, or by the end of August 1998. Further, a review of public website information[2] states that Plaintiff was sentenced on October 22, 1997 (although it appears the Colorado criminal proceeding had nothing to do with this currency seizure). Thus, at the latest, Plaintiff became aware of the facts supporting his Fourteenth Amendment due process claims against the defendant on July 28, 1998. The latest the government could initiate forfeiture proceedings was August 1998. The latest two-year limitations period the Court could calculate, therefore, expired in August 2000.

Under the prison mailbox rule, a *pro se* inmate's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (per

2 https://www.doc.state.co.us/oss/

curiam). Giving Plaintiff the benefit that he placed his complaint in the prison mail system on the day he signed the complaint, the earliest day of filing would be July 9, 2026. (D.E. 1, p. 7). Because Plaintiff's claims accrued at the latest sometime in July 2000, they are time barred due to the running of the applicable two-year statute of limitations. Indeed, Plaintiff filed this lawsuit around twenty-eight years after he should have been aware of the facts giving rise to due process claims and around twenty-six years after the limitations period had expired.

In applying Texas's two-year statute of limitations, federal district courts should give effect to any applicable statutory tolling provisions. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). In his pleadings, Plaintiff has not alleged he was incapable of filing a civil rights lawsuit raising these claims due to any medical incapacity suffered continuously over the twenty-six years.

Lastly, Texas state law recognizes the doctrine of "equitable tolling" applicable in very limited circumstances. "The equitable tolling principles of the forum state control in section 1983 cases." *Moore*, 2020 WL 3250983, at *3 (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764, (5th Cir. 2015)). "Under Texas law, equitable tolling is a sparingly invoked doctrine, to be used only in cases where the plaintiff has excusable ignorance of the limitations period and has shown diligence in pursuing his rights. *Id.* (citing *Montgomery v. Hale*, 648 F. App'x 444, 444 (5th Cir. 2016)). Here, Plaintiff alleges no circumstances warranting any equitable tolling under Texas law. His allegations fail to show

he was unable to pursue the claims raised in this lawsuit before the expiration of the two-year limitations period.

Accordingly, the undersigned respectfully recommends that Plaintiff's Fourteenth Amendment Due process claims against Defendants be dismissed with prejudice as time barred.

The undersigned recommends Plaintiff not be granted leave to amend because he cannot cure the defects in his complaint. Plaintiff cannot overcome the grounds supporting the dismissal of his claims. Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal, but leave to amend is not required when a party "has already pleaded his best case." *Brewster v. Dretke*, 587 F.3d. 764, 767-68 (5th Cir. 1009). The undersigned finds that Plaintiff has pleaded his best case and that allowing him to amend would only delay the inevitable dismissal of this action.

## V. RECOMMENDATION

For the reasons stated above and for purposes of § 1915A and §1915(e)(2), the undersigned respectfully recommends that:

- Plaintiff's claims against Defendant be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief as they are barred by the running of the applicable statute of limitations;
- the dismissal of this case **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915; and
- the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on July 23, 2026.

Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).