United States District Court
Southern District of Texas
**ENTERED**
August 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00215 |
| | § | |
| RICHARD L MILLER, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

On July 23, 2026, United States Magistrate Judge Julie K. Hampton issued her Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiff's claims with prejudice as time-barred. D.E. 7. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). He timely filed objections on August 10, 2026.[1] D.E. 8.

**STANDARD OF REVIEW**

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient

[1] Parties have fourteen days to file objections to an M&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). However, under the prison mailbox rule, a pro se prisoner's objections to an M&R are "deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). The envelope containing Plaintiff's objections was postmarked on August 5, 2026. D.E. 8-1. Thus, his objections are deemed timely by the August 6, 2025 deadline.

particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**DISCUSSION**

In his first and second objections, Plaintiff objects to the Magistrate Judge's conclusion that his claim accrued in August of 1998 when the deadline expired for Defendant to file a forfeiture action regarding the seized cash. D.E. 8, p. 2. Plaintiff does not dispute the time frame in which the cash was seized or the deadline set by state law for Defendant to file a forfeiture action. Neither does he dispute or distinguish the legal authorities on which the Magistrate Judge rested her conclusion. Instead, he claims without citation of authority that the state's continued retention of his property without due process is a continuing violation for which there is no limitations bar. *See id.* at 2-3.

The continuing violation doctrine for defeating limitations should be invoked sparingly, focusing on "what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Texas v. United States*, 891 F.3d 553, 562 (5th Cir. 2018) (citations omitted). The doctrine applies when there are multiple successive harmful acts of a similar nature. *Hearn v. McCraw*, 856 F. App'x 493, 496 (5th Cir. 2021); *Doe v.*

*United States*, 853 F.3d 792, 802 (5th Cir. 2017), *revised*, (Apr. 12, 2017). The doctrine does not apply when there is a single readily observable act that has an ongoing or even permanent effect. *Hearn,* 856 F. App'x at 496. Here, the cash was seized once and only once. And any due process violation accrued only when, before the expiration of August of 1998, no forfeiture action was filed.

Contrary to Plaintiff's assertion, there are no disputed issues of material fact regarding when the claim accrued to prevent dismissal at the screening stage of this case. The undisputed two-year statute of limitations expired in 2000. Plaintiff's first and second objections are thus **OVERRULED**.

Third, Plaintiff objects that dismissal is improper because the accrual date is not conclusively established by the complaint. D.E. 8, p. 3. Plaintiff clearly alleges that the money was seized during his arrest on July 28, 1998, and has been withheld from him since that date without forfeiture proceedings. D.E. 1, p. 3. With the exercise of due diligence, Plaintiff learned or could have learned of the deadline for the forfeiture proceeding at any time during the two-year § 1983 limitations period following the act of seizure without an accompanying forfeiture lawsuit.

Plaintiff has provided no legal reason why this allegation does not conclusively establish the accrual date as explained by the M&R. No other relevant facts are absent from the complaint. And the doubts he attempts to raise—regarding his awareness of the lack of forfeiture or any failed attempts to recover the seized cash—are both irrelevant issues and mere speculation, not facts. The objection is **OVERRULED**.

Fourth, Plaintiff objects that the Magistrate Judge should have considered the application of equitable tolling based on lack of notice, inability to access legal resources, and continued deprivation of property. D.E. 8, p. 4. At the same time, he acknowledges that his incarceration, alone, does not constitute a basis for equitable tolling. *Id.*; *see Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("[U]nder Texas law imprisonment does not toll limitations."). Nothing in Plaintiff's complaint supports the application of equitable tolling principles. Therefore, the Magistrate Judge did not err in failing to consider such issues. The objection is **OVERRULED**.

Fifth, Plaintiff objects that he should have been granted leave to amend to allege additional facts regarding: (a) when he discovered there had been no forfeiture proceeding, (b) efforts he has taken to recover his property, (c) the state's continued retention of the property, and (d) other "circumstances supporting tolling or delayed accrual." D.E. 8, p. 4. Plaintiff's first three issues are not the relevant inquiry. As discussed above, he was on notice at the time it happened that the cash was seized. And he had a due diligence obligation to seek its return within two years. The fourth issue is too general and vague to constitute a proper objection.

A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). And identifying issues rather than facts only raises questions; it does not state a cognizable claim. When seeking to amend, the movant must set forth "with particularity the grounds

for the amendment and the relief sought." *Id*. A "bare request in an opposition in a motion to dismiss" absent any particular factual grounds is inadequate. *Id*. Plaintiff has not stated any facts to be included in a proposed amended complaint that would make any 26-year equitable tolling claim plausible or cure the defect in his complaint. The objection is thus **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 7). Accordingly, Plaintiff's claims are **DISMISSED with prejudice** and leave to amend is **DENIED**.

The Court **ORDERS** that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on August 21, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE